**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NUVASIVE, INC.,<br>**Plaintiff,**<br><br>v.<br>**ADAM RICHARD,**<br>**Defendant.** | Civil Action No. **1:19-cv-10995-DJC** |

## DEFENDANT ADAM RICHARD'S OBJECTION TO PRODUCTION OF DOCUMENTS, MOTION TO QUASH OR, IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER AS TO NUVASIVE, INC.'S SUBPOENA TO PRODUCE DOCUMENTS TO SPRINT SPECTRUM, L.P.

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Adam Richard ("Richard" or "Defendant") hereby objects and moves to quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Sprint Spectrum, L.P. ("Sprint") dated July 17, 2019 (the "Subpoena"), issued by NuVasive, Inc. ("Plaintiff" or "NuVasive") (*See* Ex. A, Subpoena).

## INTRODUCTION

NuVasive is attempting to obtain Richard's personal cell phone records, including personal text messages and those protected by attorney-client privilege. The requested records are clearly outside the discovery limits and the requested information is an invasion of Defendant's private business affairs unrelated to the claims and defenses raised in this action. NuVasive should not be granted

unrestricted access to all of Defendant's personal cell phone records without having to show relevancy to the claims raised. Defendant has a legitimate expectation of privacy in maintaining the confidentiality of his cell phone records and, specifically, text messages. NuVasive's unrestricted request for Defendant's cell phone records are harassing in nature. As such, this Court should quash NuVasive's Subpoena to Sprint.

## RELEVANT FACTS

NuVasive filed its Complaint on or about April 26, 2019 asserting claims against Day for breach of contract and seeking injunctive relief. (*See gen.* Doc. 1, Complaint.) NuVasive's claims arise from a January 5, 2018 Proprietary Information, Inventions, Assignment, Arbitration and Restrictive Covenant Agreement ("PIIA") executed by Defendant Adam Richard.

On July 17, 2019, NuVasive issued non-party subpoena to produce documents to Sprint. The July 17, 2019 subpoena to Sprint called for production of:

> "All subscriber information, billing information, features, originating/outgoing calls, terminating/incoming calls, and SMS/MMS/text/data for (561) 305-3541 from June 1, 2018, through the present. To further clarify, this subpoena does not request the content of any such communication."

(*See* Ex. A, Subpoena). The above cell phone numbers belong to Defendant Richard. This Subpoena is grossly over broad because they request documents and information that are immaterial, not relevant, privileged, confidential and are

2

not proportional to claims and defenses raised. As such, this Court should quash NuVasive's Subpoena to Sprint.

## MEMORANDUM OF LAW

The Court may, on motion or on its own, limit the extent of discovery "if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). The [d]iscovery sought from a non-party via a subpoena *duces tecum*, issued pursuant to Federal Rule of Civil Procedure 45, is subject to the same standards applicable to the other discovery rules. *Horizons Titanium Corp. v. Norton Co.,* 290 F.2d. 421(1st Cir. 1961). Defendant has standing to challenge the Subpoenas because he has a personal interest in the privacy of his cell phone records. A party has standing to challenge a subpoena served on a third party where that party has a personal right or privilege with respect to the materials subpoenaed. *Combat Zone, Inc. v. Does 1-84,* 2013WL1092132 at *1 (D. Mass. Feb. 20, 2013). Courts must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. *London-Sire Records, Inc. v. Doe 1,* 542 F. Supp. 2d 153, 162 (D. Mass. 2008); Fed. R. Civ. P. 45(c)(3)(A)(iii). On the other hand, courts may issue protective orders for "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "forbidding inquiry into certain matters, or limiting the scope of

disclosure or discovery to certain matters." *Patrick Collins, Inc. v. Does 1-79,* 286 F.R.D. 160, 166 (D. Mass. 2012); Fed. R. Civ. P. 26(c). A party has standing to move for a protective order where the subpoenas seek irrelevant information. *Bogan v. City of Boston,* 489 F.3d 417, 423 (1st Cir. 2007). In the instant case, this Court should quash the Subpoena as it is overly broad and seeks irrelevant, and possibly privileged materials, and is not proportional to the needs of the case.

## I. NuVasive's Subpoena Requests Documents and Information that is Irrelevant to the Claims and Defenses in this Action.

Courts have wide discretion when setting discovery limits. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,* 244 F.3d 189, 193 (1st Cir. 2001). Although the scope of discovery under the Federal Rules is relatively broad, it is not unlimited. There are ultimate and necessary boundaries to discovery. *Oppenheimer Fund Inc. v. Sanders,* 437 U.S. 340, 351 (1978). Documents are not discoverable if they are not relevant, and the party seeking the discovery bears the burden to prove its requests are relevant. *Id.* at 504; *In re Lernout & Hauspie Sec. Litig.,* 214 F. Supp. 2d. 100, 106 (D. Mass. 2002).

Furthermore, discovery must also be proportional to the needs of the case. *Cumby v. Am. Med. Response, Inc.,* 3:18CV30050-MGM, 2019WL1118103, at *3 (D. Mass. Mar. 11, 2019). The Court should start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses. Discovery is designed to help define and clarify

the issues. *Id.* In order to satisfy the proportionality requirement, the requested information "must be more than tangentially related to the issues that are actually at stake in the litigation." *Sec. & Exch. Comm'n v. Navellier & Associates, Inc.,* CV17-11633-DJC, 2019WL688164, at *2 (D. Mass. Feb. 19, 2019). Discovery is not a license to engage in a fishing expedition. *Milazzo v. Sentry Ins.,* 856 F. 2d 321, 322 (1st Cir. 1988) (citing to *MacKnight v. Leonard Morse Hosp.,* 828 F.2d 48, 52 (1st Cir. 1987).

Here, NuVasive is requesting all information related to Richard's cell phone number, which necessarily encompasses text messages and phone calls that are personal in nature and unrelated to this case. It is unclear what information NuVasive is seeking by requesting this information or how it relates to the claims in the Complaint. As such, the Subpoena should be quashed.

## II. NuVasive's Subpoena is Overly Broad and Exceeds the Scope of Discovery in this Action.

Further, allowing NuVasive unrestricted access to Defendant's cell phone records exceeds the scope of reasonable discovery in this case. *See Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc.,* 1999 U.S. Dist. LEXIS 17014, 1999 WL 993678, at *4 (S.D.N.Y. Nov. 2, 1999) ("The fact that the telephone records contain relevant information and are not privileged does not mean, however, that they are subject to unlimited discovery. The records undoubtedly include substantial data not pertinent to any aspect of this litigation, including information

about personal phone calls . . . This raises significant privacy concerns."); *see also Hedenburg v. Aramark Am. Food Servs.*, 2007 U.S. Dist. LEXIS 3443, 2007 WL 162716, at *2 (W.D. Wash. Jan. 17, 2007) (finding plaintiff's personal e-mails with third parties wholly unrelated to the central claims of gender discrimination and wrongful termination, stating that "[d]efendant is hoping blindly to find something useful in its impeachment of the plaintiff"); *Mackelprang v. Fid. Nat'l Title Agency of Nev., Inc.,* 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149, at *2 (D. Nev. Jan. 9, 2007) ("Defendant is engaging in a fishing expedition since, at this time, it has nothing more than suspicion or speculation as to what information might be contained in the private messages").

Moreover, the information contained in the records may be subject to attorney-client privilege. The attorney-client privilege is one of the oldest privileges recognized in common law. *Swidler & Berlin v. United States,* 524 U.S. 399, 118 S. Ct. 2081, 141 L. Ed. 2d 379 (1998). The attorney-client privilege protects communications between a client and his attorney made in confidence and for the purpose of securing legal advice. *Comm'r of Revenue v. Comcast Corp.,* 453 Mass. 293, 303 (Mass. 2009).

Here, NuVasive's Sprint Subpoena is not sufficiently tailored to avoid sweeping in a host of irrelevant documents, including private calls and text messages wholly unrelated to the case, and, more importantly, text messages

between Defendant and his attorneys, including the undersigned. NuVasive is seeking unrestricted access to Defendant's cell phone records from January 1, 2018 to the present. The time span of January 1, 2018 through the present is overly broad as the only relevant time period is on or around April 1, 2019, the date that Defendant notified NuVasive he would not continue his relationship with NuVasive. NuVasive has alleged two (2) causes of action all related to Richard's alleged breach of contract or breach of a non-compete and, thus, the relevant time period should be limited to on or around April 1, 2019, the date that Richard notified NuVasive he was ending his relationship with NuVasive and after.

This Court should not indulge NuVasive's speculative fishing expedition and permit such unfettered access to Defendant's cell phone records.  Accordingly, this Court should quash the Sprint Subpoena.

## **RELIEF REQUESTED**

Based on the forgoing, Defendant requests that this Court quash NuVasive's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Sprint Spectrum, L.P. dated July 17, 2019, and for any further relief this Court deems proper.

Dated this August 14, 2019.

Respectfully submitted,

TIMOTHY DAY
*By his attorneys,*

*/s/ Steven D. Weatherhead*
Steven D. Weatherhead, BBO # 637601
Marathas Barrow Weatherhead Lent LLP
One Financial Center, 15th Floor
Boston, Massachusetts 02111
(617) 830-5458
sweatherhead@marbarlaw.com

*/s/ Bryan E. Busch*
Bryan E. Busch, *Admitted Pro Hac Vice*
Busch Slipakoff Mills & Slomka, LLC
2859 Paces Ferry Road SE, Suite 1700
Atlanta, Georgia 30339
Phone: 404-800-4062
bb@bsms.law

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUVASIVE, INC. | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | )   Civil Action No. 1:19-cv-10995 |
| | ) |
| ADAM RICHARD | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF ISSUANCE OF SUBPOENA

Please take notice that Plaintiff, NuVasive, Inc. issued *Subpoenas Duces Tecum* to Sprint Spectrum, L.P., Vendormate, Inc., Intellicentrics, Inc., and Vendor Credentialing Service LLC d/b/a Symplr requiring the production of certain documents, things and devices, but does not require oral testimony. Copies of the *Subpoenas* are attached as collective Exhibit 1 hereto.

Respectfully submitted,

_____
Holly M. Polglase (BBO #553271)
hpolglase@hermesnetburn.com
Michael S. Batson (BBO #648151)
mbatson@hermesnetburn.com
Michael C. Kinton (BBO #683875)
mkinton@hermesnetburn.com
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
Tel: (617) 728-0050
Fax: (617) 728-0052

Christopher W. Cardwell, Esq. (*pro hac vice*)
M. Thomas McFarland, Esq. (*pro hac vice*)
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiff, NuVasive, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2018, a copy of the foregoing was served via email and U.S. Mail, postage pre-paid, on:

Steven D. Weatherford
Marathas Barrow Weatherhead Lent LLP
One Financial Center, 15th Floor
Boston, MA 02111
sweatherhead@marbarlaw.com

Bryan E. Busch, *Admitted Pro Hac Vice*
Busch Slipakoff Mills & Slomka, LLC
2859 Paces Ferry Road SE, Suite 1700
Atlanta, GA 30339
bb@bsms.law

*Attorneys for Defendant, Adam Richard*

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| NuVasive, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:19-cv-10995 |
| Adam Richard | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                Sprint Spectrum, L.P.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All subscriber information, billing information, features, originating/outgoing calls, terminating/incoming calls, and SMS/MMS/text/data for (561) 305-3541 from January 1, 2018, through the present.  To further clarify, this subpoena does not request the content of any such communication

| Place: Gullett, Sanford, Robinson & Martin, PLLC | Date and Time: |
|---|---|
| 150 Third Avenue SOuth, Suite 1700 Nashville, TN 37201 | 08/16/2019 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/17/2019

*CLERK OF COURT*

                                                                OR   *[signature]*

*Signature of Clerk or Deputy Clerk*                                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiff
NuVasive, Inc.                                                        , who issues or requests this subpoena, are:
M. Thomas McFarland, 150 Third Avenue South, Suite 1700, Nashville, TN 37201, tmcfarland@gsrm.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**
_____

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-10800

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## CERTIFICATE OF SERVICE

I, Bryan E. Busch, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 14, 2019.

/s/ Bryan E. Busch